## PATRICK PRENDERGAST, RESPONDENT, *v.* THE VILLAGE OF SCHAGHTICOKE, APPELLANT.

*Board of health — expenses incurred in abating a nuisance are to be charged upon the occupant — 1850, chapter 324, as amended by chapter 169 of 1854; chapter 790 of 1867 and chapter 761 of 1868.*

Sections 3 and 4 of chapter 324 of 1850, conferred upon boards of health power to make regulations concerning the suppression and removal of nuisances, and provided that persons violating them should be deemed guilty of a misdemeanor. By chapter 790 of 1867 these sections were so amended as to confer upon the board the power to make orders in special or individual cases, and as amended they authorized the board, when its orders were not complied with, to suppress a nuisance, and directed that the expense thereof should be a charge

on the occupant, or any or all of the occupants, and that it might be sued for and recovered by the board and made it a lien upon the property.

Section 5 of the act of 1850, which provided that "all the expenses" incurred by the boards in the execution of the act should be a county charge, was amended by chapter 169 of 1854, so as to charge the town with so much of the said expenses as should exceed the sum of $300. Chapter 761 of 1868 amended this section by providing that "all expenses incurred by the several boards of health, in the execution and performance of the duties imposed by this act, shall be a charge only on their respective cities, villages and towns," to be audited, levied and collected as other city, village and town charges.

*Held,* that the provisions added to section 4 by the act of 1867, charging the expense incurred in abating a nuisance upon the occupants of the property, and giving a remedy by action against them and a lien on the premises, was not repealed or affected by the passage of chapter 761 of 1868.

That the latter act must be construed to apply to such expenses only as were not covered by section 4 as amended by the act of 1867.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury directed by the court at the Rensselaer Circuit.

The action was brought for work claimed to have been performed by the plaintiff in abating an alleged nuisance pursuant to the directions of the board of health of the defendant the village of Schaghticoke.

*Henry A. Merritt,* for the appellant.

*Edgar L. Fursman,* for the respondent.

LEARNED, P. J.:

Chapter 324, Laws of 1850, provides for appointment of boards of health. Section 3 defines their powers. In subdivision 3 it is said they may make regulations concerning " the suppression and removal of nuisances." Subdivision 8 authorizes them to employ persons to carry into effect their regulations. Section 5 says that all expenses (except their compensation) shall be a county charge. Section 5 was modified by chapter 169, Laws of 1854, making all over a certain amount chargeable to the towns. This was repealed by chapter 761, Laws of 1868, hereafter mentioned.

Chapter 790, Laws of 1867, very largely amended sections 3 and 4 of the first-named act, extending and amplifying the powers of the boards. By subdivision 6 of section 3, thus amended, the board might make orders in special or individual cases not of general application.

Section 4 of the original act only made a person guilty of a misdemeanor who violated their regulations. As amended, it authorized the board, when its special orders, duly served or posted, were not complied with, to enter the premises and suppress or remove the nuisance. "And the expense thereof shall be a charge upon the occupant, or any or all the occupants of said premises, and may be sued for and recovered, with costs, by said board in the name of such board." Further provision is made for the sale of the premises where the judgment is not collected.

Now it must be observed that, notwithstanding this amendment to sections 3 and 4, section 5 remained undisturbed. That is the section which declared that the expenses of the board should be a charge partly on the counties and partly on the towns. Therefore, it appears that section 5 was in harmony with section 4, as thus amended. So that the expenses of the board, referred to in section 5 (then slightly amended by the law of 1854, above mentioned), were something different from the expense of removing or suppressing a nuisance. This latter expense was expressly provided for in great detail by section 4, as amended by the aforesaid law of 1867. Then came chapter 761, Laws of 1868, which repealed the aforesaid law of 1854 and again amended section 5 of the original law, saying that "all expenses incurred" (using the same language as in the original section) should be a charge on the respective cities, villages and towns.

Now it is claimed that the effect of the amendment of the original section 5 (a section which in varying forms has been in force since the passage of the original act) is to take away the provisions of section 4, as amended by the law of 1867, aforesaid. It seems to us that this is not a proper construction. Section 5 of the original act, in one form or another, has been in force all the time. It was in force when the law of 1867 amended section 4. At that time it provided that the expenses incurred, to the amount of $300, should be a charge on the county, above that on the town.

When, therefore, leaving that section undisturbed, the act of 1867 provided specially for the case of expenses in entering into premises after notice and suppressing or removing a nuisance; giving a remedy by action and a lien on the premises, it is plain that this was an expense *not* intended in the general provision of section 5,

then in force. The amendment of section 5, by the act of 1868, does not change this reasoning. The amended section 4 still remains, with its special provisions for the special case. The occupant and the premises still remain as much liable as they ever were. If the act of 1868 had been an entirely new enactment there would have been room for the argument that it was intended to change the provisions of section 4, in respect to the payment of expense incurred pursuant thereto. But it is only a modification of an original section.

It may be urged that the words of the act of 1868 are "all expenses." But such were the words of the original section 5 in the act of 1850 (chap. 324), and neither the omission of the word "all" in the act of 1854, nor its insertion in the act of 1868, is material, because, while section 5, amended in 1854, required that the counties and towns should pay the expenses incurred by the boards of health, the act of 1867 so amended section 4 as to make the premises and the occupant liable in the special case therein provided. Thus such expense was evidently excepted from the general provision of section 5, and the act of 1868 only changed the liability for those general expenses, so that a part thereof should no longer be chargeable on the county. But "expenses incurred" still meant what the same words meant when the act of 1867 had been passed. Prior to the act of 1867 there was no provision for imposing any expense on a person or on property. The only compulsory power was that disobedience was a misdemeanor. The act of 1867 changed this, and gave the board power to collect this expense in question from the person or property properly chargeable. There has been nothing intended to abandon that principle.

The defendants insist also that the power to remove and abate nuisances is by the village charter given to the trustees. (Chap. 512, Laws 1867, tit. 3, § 3, sub. 22, p. 1334.) The corporate name was changed to Schaghticoke. (Laws 1881, chap. 75.)

That subdivision makes the expense a lien on the lot. The defendants also cite section 3 of miscellaneous provisions of said act, page 1351, as showing that the village is forbidden to contract any debt or liability, except as therein limited.

In the view we have taken, it is unnecessary to inquire as to the effect of the special provisions of this charter. The question seems

to be settled in *People ex rel. Boltzer* v. *Daley*, (44 Sup. Ct., 37 Hun, 461.)

In accordance with the provisions of section 4, as amended by the act of 1867, above mentioned, the board of health, in October, 1881, passed a resolution that certain parties be notified to remove a certain alleged nuisance, and that if this was not done the board would remove it and charge expense to the parties. Notice was served on those parties and they did not remove the alleged nuisance.

November 1, 1881, the board accepted a bid of plaintiff for building a culvert to drain a swamp or marsh. This swamp or marsh was the alleged nuisance. December 17, 1881, the board of health audited plaintiff's bill, and a bill of one Hasbrouck, amounting in all to $523.12. They notified the trustees, December 20, 1881, and requested them to levy a tax for $523.12.

Subsequently, they served another notice on the trustees with plaintiff's bill attached, amounting to $613.12, and requested the trustees to levy a tax therefor. The original contract with plaintiff seems to have been for $480. Other work was done by him under the direction of the president of the board, worth $120.

Now, without examining several questions that are made, viz.: whether the swamp was a nuisance; whether the board was properly constituted, and the like, it appears to us that this expense of suppressing and removing a nuisance is governed by the aforesaid section 4, as amended by the act of 1867. It is an expense to be paid by the occupant or charged upon the premises.

Such was the view of this board when they served their notice of October upon the parties. This is a just view. The suppression of a nuisance should be at the expense of the person who maintains it, and not at the expense of the village.

We think that the act of 1868, which amended section 5, did not affect the provisions of section 4, as amended in 1867. But that the expenses meant in section 5, have always been, and are such as have not been specially provided for by section 4, as amended, or otherwise.

In construing these acts, we must treat the amendments as if they were incorporated into the statute, and must read the statute as a whole.

Reading the act of 1850, with sections 3, 4 and 5 as they now

stand, we have the special provision of section 4 for the expense of suppression of nuisances, making such expense a liability of the occupant and a charge on the premises.

Then following we have section 5 as to expenses incurred by the boards to be charged on the villages, etc. We must consider that this section is qualified by that which precedes and applies to expenses not provided for by section 4.

The judgment should be reversed, new trial granted, costs to abide event.

BOOKES and LANDON, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.